**Jacob J. COOLEY, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 129, Docket 26195.**

United States Court of Appeals Second Circuit.

Argued Oct. 31, 1960.

Decided Nov. 25, 1960.

———◆———

T. Holmes Bracken, New Haven, for petitioner.

Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Meyer Rothwacks and Claron C. Spencer, Attorneys, Department of Justice, Washington, D. C., for respondent.

Before SWAN, CLARK and MEDINA, Circuit Judges.

PER CURIAM.

In January 1952 the taxpayer purchased from General Motors Corporation thirteen Chevrolet automobiles on the express condition that he would donate them to the United Jewish Appeal for export to the State of Israel for use by disabled veterans. Their cost to him was $17,581.72 but their fair market value at retail, if he had been privileged to sell them, was $24,700. He claimed the latter sum as a charitable deduction under Section 23(o) of the Internal Revenue Code of 1939, 26 U.S.C.A. The Tax Court limited this deduction to what he paid for the automobiles. This produced the deficiency in his 1952 income tax of which he complains.

We think the decision is correct and are content to affirm on Judge Raum's succinct opinion. 33 T.C. 223. The District Court case on which petitioner relies, Champlin v. Broderick, Administratrix, 38 A.F.T.R. 1533 is not in point. There the donor of the property given to charity was not subject to a restrictive agreement depriving him of the privilege of selling it.

Affirmed on opinion below.